**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-1698
_____

Cletus J. Stratman; Judith E. Stratman,        *
                                    *

       Appellants,       *
                                    *

  v.                           * Appeal from the United States

                                    * District Court for the
Linze Brockmeyer, individually and      *
    Eastern District of Missouri.
doing business as Logcrafters Log        *
and Timber Homes,       *      [UNPUBLISHED]
                                    *

       Appellee.      *

_____

Submitted:  October 14, 1997
Filed:  October 30, 1997

_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
_____

PER CURIAM.

In this diversity contract action, Cletus and Judith Stratman--husband and wife--appeal the district court's[1] grant of judgment as a matter of law to Linze Brockmeyer, individually and d/b/a Logcrafters Log and Timber Homes (collectively Logcrafters), following a jury trial. The Stratmans also appeal the district court's exclusion of

_____

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

certain

expert testimony as a discovery sanction.  We affirm.

This dispute arose out of the Stratmans' purchase of a ready-to-assemble log home from Logcrafters.  The Stratmans alleged a breach of contract and a violation of the Missouri Merchandising Practices Act (MMPA), Mo. Rev. Stat. §§ 407.010-407.130 (1994 & Supp. 1996).

After de novo review, see Sip-Top, Inc. v. Ekco Group, Inc., 86 F.3d 827, 830 (8th Cir. 1996), we agree that the Stratmans failed to present evidence from which a jury could conclude that Logcrafters breached the parties' contract.  We also agree that the Stratmans failed to make a submissible case that Logcrafters violated the MMPA.  See Mo. Rev. Stat. §§ 407.020, 407.025 (1994 & Supp. 1996).  We find no abuse of discretion in the district court's limitation of the testimony of Stratmans' expert witness, as his report was supplied shortly before trial and did not comport with the requirements of Federal Rule of Civil Procedure 26. See Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir.), cert. denied, 116 S. Ct. 84 (1995).

Logcrafters' motion to dismiss this appeal is denied, and the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-